RYAN A. HAMILTON, ESQ.
NEVADA BAR NO. 11587
HAMILTON LAW
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
 (702) 818-1818
(702) 974-1139
ryan@hamiltonlawlasvegas.com

*Attorney for the plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JULIO ANTELO, an Individual,<br><br>                    Plaintiff,<br><br>  vs.<br><br>DEPUY SYNTHES PRODUCTS, LLC; DEPUY SYNTHES SALES, INC.; and DOES 1-100, ROE Corporations I – X, inclusive,<br><br>                    Defendants. | Case No.  2:13-cv-01613-APG-GWF<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff Julio Antelo ("Plaintiff") alleges on information and belief against DePuy Synthes Products, LLC and DePuy Synthes Sales, Inc. ("Synthes") and DOES 1-100, ROE Corporations I – X, inclusive, the following:

**PARTIES**

1. Plaintiff Julio Antelo is, and at all relevant times to this Complaint was, a resident of Las Vegas, Nevada.

2. Upon information and belief, Defendant DePuy Synthes Products, LLC, is a Delaware limited liability company with its principal place of business at 325 Paramount Drive, Raynham, Massachusetts 02767.

1

3.     Upon information and belief, Defendant DePuy Synthes Sales, Inc., is a Massachusetts company with its principal place of business at 325 Paramount Drive, Raynham, Massachusetts 02767.

## JURISDICTION AND VENUE

4.     This Court has subject jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, and there is complete diversity between the parties.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial portion of the events and omissions giving rise to this lawsuit occurred in this District, and the Court has personal jurisdiction over each of the parties as alleged throughout this Complaint.

## FACTUAL ALLEGATIONS

8.     On or about February 2, 2009, Plaintiff received a 316L Stainless Steel fixation plate (the "plate") manufactured by Defendants in his left arm to treat a fractured elbow.

9.     The plate has corroded and shed metal particles into Plaintiff's body causing him to be recently diagnosed as suffering from metallosis.

10.     The plate has caused Plaintiff to suffer severe skin reactions all over his body, including blistering, swelling, discoloration, and bleeding. Plaintiff has had great difficulty sleeping due to the discomfort. Further, exposure of his skin to sunlight proves unbearable and requires Plaintiff to wear several layers of clothing despite the extreme Las Vegas heat.

11.     Plaintiff is eighty years of age and has been unable to enjoy his retirement because of the extreme discomfort with which he has been dealing on a daily basis.

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

12.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

13. Defendants designed, manufactured, tested, marketed and distributed into the stream of commerce the plate.

14. The plate was defective in design when it left the hands of Defendants. The plate's design is defective, *inter alia*, in that it contains an unsafe amount of Nickel in its alloy, is prone to an unreasonable level of corrosion, and contains inadequate warnings about the risk of corrosion and metallosis to which the plate exposes patients.

15. In addition to being defective in its design, the plate also contained a manufacturing defect when it reached Plaintiff.

16. The plate reached Plaintiff without substantial change in condition from its manufacturing origin.

17. As a proximate result of the defects in the plate, Plaintiff has incurred past and future medical expenses, suffered physical injuries, pain and suffering, and has experienced a significantly diminished quality of life. Plaintiff has been damaged in an amount exceeding $75,000.00.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

18. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

19. Defendants impliedly warranted that the plate was of merchantable quality and was safe for human use.

20. Defendants breached this implied warranty by designing, marketing, and distributing to Plaintiff a product that failed, corroded, and injured Plaintiff.

21. As a proximate result of Defendants' breach, Plaintiff has incurred past and future medical expenses, suffered physical injuries, pain and suffering, and has experienced a significantly diminished quality of life. Plaintiff has been damaged in an amount exceeding $75,000.00.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

22. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

23. Defendants had a duty to exercise reasonable care in the design, manufacture, testing, marketing, and distribution into the stream of commerce the plate.

24. Defendants failed to their duty of reasonable care. Defendants knew or should have known that the plate was prone to corrosion and exposed patients to an unreasonable risk of injury.

25. As a proximate result of Defendants' breach of duty, Plaintiff has incurred past and future medical expenses, suffered physical injuries, pain and suffering, and has experienced a significantly diminished quality of life. Plaintiff has been damaged in an amount exceeding $75,000.00.

## FOURTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

26. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

27. Defendants expressly warranted by affirmation, promise, description, or sample that the plate was reasonably fit for safe use.

28. Defendants' representations were meant to induce persons such as Plaintiff and Plaintiff's surgeon to purchase the plate.

29. The plate failed to fulfill its intended purpose and injured Plaintiff.

30. As a proximate result of Defendants' breach of express warranty, Plaintiff has incurred past and future medical expenses, suffered physical injuries, pain and suffering, and has experienced a significantly diminished quality of life. Plaintiff has been damaged in an amount exceeding $75,000.00.

**JURY DEMAND**

29. Plaintiff demands a jury trial on all issues triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. Judgment in favor of Plaintiff and against Defendant for damages in such amounts as may be proven at trial;

B. Compensation for special and general damages;

C. Reasonable attorney's fees and costs of suit;

D. Interest at the statutory rate;

E. Punitive or exemplary damages against Defendant;

F. All further relief, both legal and equitable, that the Court deems just and proper.

DATED this September 9th, 2013.

          Respectfully submitted,

          By: /s/ Ryan A. Hamilton

          RYAN A. HAMILTON, ESQ.
          NEVADA BAR NO. 11587
          HAMILTON LAW
          5125 S. Durango Dr., Ste. C
          Las Vegas, NV 89113
          (702) 818-1818
          (702) 974-1139
          ryan@hamiltonlawlasvegas.com

          *Attorney for the plaintiff,*
          *Julio Antelo*