1  Jay Schuttert, Esq.
   Nevada Bar No. 8656
2  Morgan T. Petrelli
   Nevada Bar No. 13221
3  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway
4  Suite 1100
   Las Vegas, Nevada  89169
5  Telephone:  702.784.5200
   Facsimile:  702.784.5252
6  Email: jschuttert@swlaw.com

7  *Attorneys for Defendant Depuy Synthes Products,
   LLCand Depuy Synthes Sales, Inc.*
8

9              UNITED STATES DISTRICT COURT

10                   DISTRICT OF NEVADA

11

12 | JULIO ANTELO, an individual,            | Case No. 2:13-cv-01613-APG-GWF
13 |                Plaintiff,               | **DISCOVERY PLAN AND**
14 | vs.                                     | **SCHEDULING ORDER**
15 | DEPUY SYNTHES PRODUCTS, LLC;            |
   | DEPUY SYNTHES SALES, INC.; and DOES     |
16 | 1-100, ROE Corporations I - X, inclusive,| *****SPECIAL SCHEDULING REVIEW**
17 |                Defendants.              | **REQUESTED**

20      Pursuant to FRCP 26, Plaintiff Julio Antelo, through his counsel, and the Defendants
21 Depuy Synthes Products, LLC and Depuy Synthes Sales, Inc. (collectively "Defendants"),
22 through their counsel, Snell & Wilmer L.L.P, submit the following Stipulated Discovery Plan and
23 Scheduling Order pursuant to the requirements of FRCP 26 and LR 26-1.
24      Pursuant to FRCP 26(f), a discovery planning conference was held on January 21, 2014,
25 between Plaintiff's counsel, Ryan Hamilton, and Defendants' counsel, Jay Schuttert.  The parties
26 propose the following as the Stipulated Discovery Plan and Scheduling Order.
27 / / /
28 / / /

**1.      Reasons for Requesting Special Scheduling Review:**

This is a complex medical device product liability case, involving an allegedly defective upper extremity implant. Defendants deny liability and plaintiff's allegations. Because of the unique legal and factual issues in this case, it will require detailed investigation into liability, causation, and damages. Indeed, the parties will need to obtain Plaintiff's medical records, propound written discovery and conduct the depositions of Plaintiff and his treating physician before their respective expert witnesses are in a position to prepare expert reports. Moreover, each party's experts will need to inspect the alleged subject product, which is currently being stored in a biomedical equipment lab located on the east coast. Based on the amount of discovery to be conducted, the parties request 1 year for discovery, starting from the date that Defendants filed their answer in this matter.

**2.      Changes in Timing, Form, or Requirement for FRCP 26(a) Disclosures:**

The parties have agreed to allow 45 days to provide FRCP 26(a) disclosures. Therefore, the parties will produce their Initial Disclosures no later than **March 3, 2014**.

**3.      Subjects on Which Discovery May be Made:**

The parties envision propounding written discovery, issuing subpoenas to Plaintiff's medical providers, conducting depositions of Plaintiff and Plaintiff's treating physicians, retaining experts who will analyze Plaintiff's medical records and inspect the allegedly defective component before issuing their expert reports, and conducting expert depositions. Moreover, the parties will conduct any other permissible discovery under the Federal Rules of Civil Procedure relating to the allegations in Plaintiff's Complaint.

**4.      Changes to Limitations on Discovery:**

For the reasons explained above, the parties request that discovery be extended to one year as opposed to the limitations imposed under FRCP 26 or by local rule.

**5.      Additional Orders:**

In addition to this proposed discovery plan and scheduling order, the parties have agreed to execute a protective order to protect the disclosure of Defendants' confidential design documents, if any.

1 **6.   Discovery Cut-Off Date:**

2 Due to the complexities of this case, as explained above, the parties agree that discovery in this case should be completed by **December 22, 2014** which is 1 year from the date Defendants appeared in the case by filing their Answer to Plaintiff's Complaint.

5 **7.   Amending the Pleadings and Adding Parties:**

6 The date for filing motions to amend the pleadings or to add parties shall be made not later than 90 days prior to the close of discovery, or **September 23, 2014**.

8 **8.   FRCP 26(a)(2) Disclosure of Experts:**

9 The parties have agreed to staggered disclosure of experts. Accordingly, Plaintiff shall disclose expert witnesses not later than 120 days prior to the discovery cut-off date, or **August 25, 2014.** Defendants shall disclose its expert witnesses not later than 60 days after Plaintiff's disclosure, or **October 24, 2014**. Plaintiff shall disclose expert witnesses who are expected to offer rebuttal expert opinion testimony not later than 30 days after the disclosure of Defendants' experts, or **November 24, 2014.**

15 **9.   Interim Status Report:**

16 The parties shall file the interim status report required by LR 26-3 by **October 23, 2014**. The undersigned counsel certifies that they have read LR 26-3 and that this date is not later than sixty (60) days before the discovery cut-off date.

19 **10.   Dispositive Motions:**

20 The date for filing dispositive motions shall be not later than 30 days after the discovery cut-off date, or **January 21, 2015**.

22 **11.   Pretrial Order:**

23 The joint pretrial order shall be filed not later than 30 days after the dispositive motion deadline, or **February 20, 2015**. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision of the dispositive motions or further order of the Court.

27 / / /

28 / / /

**12.   Federal Rules of Civil Procedure 26(a)(3) Disclosures:**

Unless the discovery plan otherwise provides and the court so orders, the disclosures required by FRCP 26(a)(3) and any objections thereto shall be included in the pretrial order.

DATED this 3rd day of February, 2014.                          DATED this 3rd day of February, 2014.

SNELL & WILMER L.L.P.                                                    HAMILTON LAW

By: /s/ Jay J. Schuttert                                                     By:  /s/ Ryan A. Hamilton
   Jay J. Schuttert                                                                   Ryan A. Hamilton
   Nevada Bar No. 8656                                                          Nevada Bar No. 11587
   Morgan T. Petrelli                                                               5125 S. Durango Dr., Ste. C
   Nevada Bar. No. 13221                                                        Las Vegas, NV 89113
   3883 Howard Hughes Pkwy., Ste. 1100
   Las Vegas, NV 89169                                                        Attorneys for Plaintiff
                                                                                            Julio Antelo
Attorneys for Defendants
Depuy Synthes Products, LLC
and Depuy Synthes Sales, Inc.

**ORDER**

IT IS SO ORDERED.

DATED this   4th   day of  Feb.  , 2014.

_____
U.S. MAGISTRATE JUDGE

Prepared and Submitted by:
SNELL & WILMER L.L.P.

 /s/ Jay J. Schuttert
Jay J. Schuttert
Nevada Bar No. 8656
Morgan T. Petrelli
Nevada Bar. No. 13221
3883 Howard Hughes Pkwy., Ste. 1100
Las Vegas, NV 89169

Attorneys for *Defendant Depuy Synthes Products, LLC and Depuy Synthes Sales, Inc.*
18598101.2