RYAN A. HAMILTON, ESQ.
NEVADA BAR NO. 11587
HAMILTON LAW
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
 (702) 818-1818
(702) 974-1139 (fax)
ryan@hamiltonlawlasvegas.com

*Attorney for the plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JULIO ANTELO, an Individual,<br><br>         Plaintiff,<br><br>   vs.<br><br>DEPUY SYNTHES PRODUCTS, LLC;<br>DEPUY SYNTHES SALES, INC.; and DOES 1-100, ROE Corporations I – X, inclusive,<br><br>         Defendants. | Case No.  2:13-cv-01613-APG-GWF<br><br>**MOTION TO WITHDRAW AS ATTORNEY OF RECORD** |

**COMES NOW** Ryan A. Hamilton, Esq., of Hamilton Law, LLC, and pursuant to Nevada Rule of Professional Conduct ("NRPC") 1.16, moves to withdraw as attorney for Plaintiff Julio Antelo. This motion is made and based upon the points and authorities and the Declaration of Ryan A. Hamilton ("Hamilton Declaration") attached hereto and any oral argument the Court may entertain.

DATED this 9th day of July, 2014.

                                                  Respectfully submitted,

                                                  By:_____

1

RYAN A. HAMILTON, ESQ.
NEVADA BAR NO. 11587
HAMILTON LAW
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
(702) 818-1818
(702) 974-1139
ryan@hamiltonlawlasvegas.com

*Attorney for the plaintiff,*
*Julio Antelo*

# DECLARATION OF RYAN A. HAMILTON, ESQ. IN SUPPORT OF MOTION TO WITHDRAW

I, Ryan A. Hamilton, Esq., declare in support of this Motion to Withdraw as Attorney of Record, in the matter styled JULIO ANTELO vs. DEPUY SYNTHES PRODUCTS, LLC; and DEPUY SYNTHES SALES, INC., Case No. 2:13-cv-01613, filed in the United States District Court, District of Nevada:

1. I am an attorney duly licensed to practice and in good standing in Nevada, California, and Indiana. I am the owner and managing member of Hamilton Law, LLC since its founding in 2010.

2. I filed the instant product liability case on September 4, 2013. Pursuant to the Scheduling Order for this case, the discovery cut-off presently is December 22, 2014, the deadline for the filing of dispositive motions is January 21, 2015, and the Joint Pretrial Order is due February 20, 2015. (Dkt. No. 14).

3. During the course of my representation of the plaintiff, a fundamental disagreement between counsel and client as to the case has arisen. This disagreement is so fundamental that it prevents the undersigned from representing the plaintiff effectively. More importantly, the disagreement would prevent the plaintiff from obtaining the relief he seeks in this action if the undersigned were to continue as counsel.

2

4. I will take all necessary steps to ensure that the plaintiff is not prejudiced by my withdrawal. These steps include, without limitation, preserving key evidence in the case including explanted pieces of the metal fixation plate at issue in this product liability action. Further, I will assist the plaintiff in finalizing written discovery responses and a document production that are coming due.

5. Given the severity of the plaintiff's damages, I do not anticipate the plaintiff encountering difficulties in retaining new counsel. Toward that end, I will not place an attorney lien for the work I have done on the case. I will, of course, share all notes and work product with new counsel.

6. The plaintiff has three adult daughters who both provide and coordinate his care. The plaintiff's daughters no doubt will be of great assistance to him in locating new counsel.

7. I have also served the plaintiff with a copy of this Motion. The plaintiff is aware that I am moving to withdraw as counsel of record.

8. For these reasons, at this time I believe it is my obligation under the NRPC to move to withdraw as counsel of record in this case. Further, my withdrawal can be accomplished without material adverse effect on the plaintiff's interests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of July, 2014.

_____
RYAN A. HAMILTON, ESQ.
NEVADA BAR NO. 11587
HAMILTON LAW
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
(702) 818-1818
(702) 974-1139
ryan@hamiltonlawlasvegas.com

*Attorney for the plaintiff*

3

# POINTS AND AUTHORITIES

I.

## THE COURT SHOULD GRANT THIS MOTION TO WITHDRAW BECAUSE GOOD CAUSE EXISTS AND WITHDRAWAL CAN BE ACCOMPLISHED WITHOUT MATERIAL ADVERSE EFFECT

As set forth in the Declaration of Ryan A. Hamilton, the undersigned has good cause to withdraw as counsel of record under NPRC 1.16. NPRC 1.16 provides, in relevant part:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
> (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
> …
> (4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;
> …
> (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> …
> (7) Other good cause for withdrawal exists.

NV ST RPC Rule 1.16(b).

Here, good cause for withdrawal exists under provisions 1, 4, 6, and 7 of NPRC 1.16(b). Counsel and client have a fundamental disagreement about the representation in this case that prevents client from obtaining the relief he seeks in this case. This disagreement prevents the undersigned from representing the plaintiff effectively and in the manner which plaintiff desires. Because of the ample time left to conduct discovery and further prepare this case for trial or other resolution, the undersigned believes that his withdrawal will not delay proceedings in this matter.

As set forth in the above declaration, withdrawal will not result have a material adverse effect on the interests of the plaintiff. The undersigned will take all necessary steps to protect the client's interests during the pendency of this Motion. Further, the undersigned will preserve key

evidence in the case, including without limitation,explanted pieces of the metal fixation plate that is the product at issue in this product liability case until the plaintiff retains new counsel.

Further, given the severity of the plaintiff's damages and the prospect of a large recovery in the case, the undersigned believes the plaintiff should have little trouble retaining new counsel. Plaintiff's three adult daughters will no doubt be able to help the plaintiff in locating new counsel and the undersigned is happy to assist in that process.

For all these reaons, the undersigned respectfully moves the Court to grant this Motion to Withdraw as Attorney of Record.

Dated this 9th day of July, 2014

*[signature]*

Ryan A. Hamilton, Esq.

### CERTIFICATE OF SERVICE

I certify that on July 9, 2014, I filed the foregoing *Motion to Withdraw as Attorney of Record* via the Court's CM/ECF system which will send a copy to the following:

Jay Schuttert
Morgan T. Petrelli
SNELL & WILMER, LLP
3883 Howard Hughes Pkwy., Ste. 1100
Las Vegas, NV 89169

*[signature]*

Employee of Hamilton Law