UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JULIO ANTELO, | ) | |
| Plaintiff, | ) ) | Case No. 2:13-cv-01613-MMD-GWF |
| vs. | ) ) | **AMENDED REPORT AND RECOMMENDATION** |
| DEPUY SYNTHES PRODUCTS, LLC; DEPUY SYNTHES SALES, INC., | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court with respect to the continued prosecution of the above entitled action.

Following the withdrawal of Plaintiff's counsel in 2014, the Court was advised by Plaintiff's daughter, Virginia Guthrie, that due to age and ill health, Plaintiff Julio Antelo was unable to prosecute the case on his own behalf and needed the assistance of his daughter in efforts to retain new counsel and secure the assistance of an expert witness. The Court accorded Plaintiff, through his daughter, substantial time to obtain the expert's report in support of Plaintiff's claim and to retain new counsel. During the status hearing on September 22, 2015, Ms. Guthrie advised the Court that on behalf of Plaintiff, she has been unable to find an attorney willing to take the case and that she does not believe she will be able to retain counsel to represent the Plaintiff in this case. Ms. Guthrie stated, however, that Plaintiff was unwilling to voluntarily dismiss the case.

On November 16, 2015, the Court set a new deadline for filing dispositive motions and on December 16, 2015, Defendants filed a motion for summary judgment. On December 16, 2015, Ms. Guthrie filed a status report on behalf of her father stating:

. . .

> As Mr. Antelo cannot represent himself in court, and I do not have the authority, nor has an attorney been retained, Plaintiff cannot proceed. It is Plaintiff's expectation that the judge would file an order to Dismiss this case "without prejudice" as mentioned in a recent hearing.

*Status Report (#70).*

Based on the foregoing,

**IT IS HEREBY RECOMMENDED** that this case be dismissed without prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 23rd day of December, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge